1

2

3

4

5                       **UNITED STATES DISTRICT COURT**

6                              **DISTRICT OF NEVADA**

7                                    )
   JOHN FLOWERS,                     )
8                                    )
              Plaintiff,             )
9                                    )          3:14-cv-366-RCJ-WGC
        v.                           )
10                                   )              **ORDER**
   ISIDRO BACA et al.,               )
11                                   )
              Defendants.            )
12  _____ )

13          This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court now

14  screens the Complaint under 28 U.S.C. § 1915A.  Several other motions are also pending before the

15  Court.

16  **I.       FACTS AND PROCEDURAL HISTORY**

17          Plaintiff John Flowers has sued multiple defendants for events that took place while he was

18  incarcerated at the Northern Nevada Correctional Center.  Defendants are Psychiatrist Dr. Ronald

19  Centric, Warden Isidro Baca, Psychiatrist Dr. John Harris, Psychiatrist Dr. Stone, Psychiatrist Dr.

20  Spiro, Assistant Warden Lisa Walsh, Nurse Terri Jacobs, NDOC Director Greg Cox, Nurse John F.

21  Keast, and NDOC Medical Director Dr. Bannister.  Plaintiff alleges three counts and seeks monetary

22  damages, injunctive relief, and declaratory relief.  The Court hereby screens the Complaint and

23  defers a decision on the application to proceed *in forma pauperis* at this time.  The Court grants

24  Plaintiff's motion to depart from the § 1983 civil rights court-approved form and to submit an

25  expanded written complaint.

26          Plaintiff alleges that since 1997, he has been physically forced to take the psychiatric

27  medication Zyprexa at more than three times the maximum recommended dosage.  Eli Lilly, the drug

28  manufacturer, had warned psychiatrists about the dangers of prescribing Zyprexa which included

    diabetes, severe weight gain, and impaired judgment.  Plaintiff never knew about these dangers until

1   November 2012.  In 2003, Eli Lilly contacted psychiatrists and users of Zyprexa in a class action

2   lawsuit and awarded monetary damages to people in excess of $250,000.  The NDOC Medical

3   Department never informed patients of the compensation due to those patients who developed

4   diabetes, such as Plaintiff.

5         Plaintiff was recently diagnosed with Type II diabetes as a result of Defendants "deliberate

6   indifference" through the use of the forced psychotropic drug.  On November 18, 2012, Plaintiff filed

7   a grievance concerning the forced administration of the drug and expressed concern about the dosage

8   being prescribed by his treating psychiatrists.  Keast denied Plaintiff's grievance.  On December 5,

9   2012, Plaintiff filed a grievance complaining that he could not file the appropriate legal documents

10  or convey information to his legal counsel in a coherent manner with the current dosage of forced

11  drugs because the drugs rendered him incompetent to assist in prosecuting his claims.  On February

12  26, 2013, Plaintiff filed a grievance requesting a different kind of psychotropic drug or a lower

13  dosage of Zyprexa because of the known adverse side effects.  Walsh denied the grievance.  Keast

14  also denied Plaintiff's request for a lower dosage.  On April 29, 2013, Plaintiff filed a first level

15  grievance requesting the least debilitating dosage of the drug that could be used with his treatment.

16  Both Baca and Jacobs reviewed the grievance, which was ultimately denied.  On May 28, 2013,

17  Plaintiff filed a medical grievance and requested a lower dosage or a different drug because he

18  wanted to pursue post conviction litigation.  Jacobs denied the grievance.  On March 24, 2014,

19  Plaintiff filed a grievance requesting a drug that did not interfere "metabolically" and that did not

20  cause diabetes.  His grievance was denied.

21        Dr. Centric treated Plaintiff from 2003 through 2013 and had forcibly prescribed Plaintiff a

22  "daily cocktail of drugs" that made Plaintiff physically ill and mentally incompetent to pursue a legal

23  remedy.  Dr. Centric refused to lower Plaintiff's dangerously high dosage of Zyprexa and failed to

24  notify Plaintiff of the dangers of the drug and about the class action lawsuit.  Plaintiff developed

25  diabetes and severe weight gain due to the forced application of Zyprexa.  Dr. Harris failed to inform

26  Plaintiff of the dangers of Zyprexa causing Plaintiff to develop diabetes and severe weight gain.  Dr.

27  Spiro treated Plaintiff from 2003 through 2013 and had prescribed Plaintiff dangerous amounts of

28  Zyprexa.  Dr. Stone had "rubber stamped" prior medical evaluations and treatments, and Dr.

Bannister had personal knowledge of Plaintiff's complaints.  Plaintiff alleges that Cox is liable due to the acknowledgment of former NDOC directors that Zyprexa was dangerous.

## II.     LEGAL STANDARDS

### A.     Screening

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2).  Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim,

1   dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally

2   cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3   555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all

4   material allegations as true and construe them in the light most favorable to the plaintiff. *See NL*

5   *Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to

6   accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

7   unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

8   A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff

9   must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct.

10  1937, 1949 (2009) (citations omitted).

11      "Generally, a district court may not consider any material beyond the pleadings in ruling on a

12  Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may

13  be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.

14  1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and

15  whose authenticity no party questions, but which are not physically attached to the pleading, may be

16  considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss

17  into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

18  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public

19  record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

20      Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the

21  prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal

22  conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims

23  of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful

24  factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319,

25  327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

26      **B.     Exhaustion**

27      "The Prison Litigation Reform Act requires that a prisoner exhaust available administrative

28  remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d

1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  The Nevada Department of Corrections ("NDOC") utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance Procedure), *available at* http://www.doc.nv.gov/ar/pdf/AR740.pdf.

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001).  Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5).  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741.  The Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003).  However, if the affirmative defense of non-exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *See Jones*, 549 U.S. at 215.  Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 3154 F.3d at 1119.  The court may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.*  "[I]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119–20.

For the purposes of screening, the Court will assume all claims have been exhausted.  The Court will not more closely examine the issue unless some claims survive screening and Defendants file motions alleging non-exhaustion of the surviving claims.

///

5

## III.    ANALYSIS

### A.    Count I

Plaintiff alleges that the forced psychotropic "cocktail" rendered him wholly and legally incompetent and prevented him from filing coherent letters to the courts and his lawyers about his criminal case and exculpatory evidence.  Plaintiff states that the district court judge did not "canvas" his plea and that the judge had had a personal relationship with the victim.  Plaintiff alleges violations of due process.

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81–82.

The Court dismisses Count I with prejudice for failure to state a claim.  Based on the allegations, it appears that Plaintiff is attempting to invalidate his criminal conviction by claiming that he was legally incompetent due to the psychotropic drugs in his system at the time of his plea. The Court finds that Plaintiff must challenge the validity of his conviction in a habeas corpus proceeding.

### B.    Count II

Plaintiff alleges that psychiatrists physically forced him to take Zyprexa at three times the maximum recommended dosage in order to treat his schizophrenia and bi-polar conditions.  Zyprexa was known to cause Type II diabetes.  Defendants ignored the Food and Drug Administration warnings and prescribed Plaintiff excessive amounts of the drug, causing Plaintiff to develop Type II diabetes.  Defendants failed to warn Plaintiff of the adverse effects of Zyprexa. Plaintiff alleges deliberate indifference under the Eighth Amendment.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"

1    *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when

2    he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*,

3    511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy

4    both an objective standard—that the deprivation was serious enough to constitute cruel and unusual

5    punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978,

6    985 (9th Cir. 2012).

7         To establish the first prong, "the plaintiff must show a serious medical need by demonstrating

8    that failure to treat a prisoner's condition could result in further significant injury or the unnecessary

9    and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal

10   quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a

11   purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused

12   by the indifference." *Id*.  "Indifference may appear when prison officials deny, delay or intentionally

13   interfere with medical treatment, or it may be shown by the way in which prison physicians provide

14   medical care." *Id*. (internal quotations omitted).

15        The Court finds that Plaintiff essentially alleges medical malpractice, and that this claim

16   therefore fails. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "a complaint that a

17   physician has been negligent in diagnosing or treating a medical condition does not state a valid

18   claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become

19   a constitutional violation merely because the victim is a prisoner.").  This claim is an example of a

20   medical disagreement between a prisoner and the prison medical staff charged with treating him over

21   the appropriate treatment.  Nor is it deliberate indifference for prison medical staff to fail to warn a

22   patient of potential side effects. *See Burgess v. Mar*, 395 Fed. Appx. 368 (9th Cir. 2010).  The Court

23   dismisses this claim with prejudice for failure to state a claim.

24        **C.    Count III**

25        Plaintiff alleges that Defendants failed to notify Plaintiff of the class action lawsuit against

26   Eli Lilly regarding Zyprexa.  The Court dismisses this claim with prejudice.  Via this claim, Plaintiff

27   presumably meas to complain of his inability to join the class due to not having been informed of the

28   pendency of the class action.  But there is no federal or state law duty for prison officials to inform

7

inmates of class actions of which they may be a class member.  Plaintiff's remedy—if he believes class counsel's failure to notify him of a pending trial or settlement in the relevant class action violated his due process or statutory rights—is to petition the court in which the class action was litigated for appropriate relief.

## CONCLUSION

IT IS HEREBY ORDERED that the Application to Proceed *in Forma Pauperis* (ECF No. 1) is GRANTED, and the Clerk shall DETACH and FILE the Complaint.

IT IS FURTHER ORDERED that the Motion to Depart from the § 1983 Civil Rights Court-Approved Form and to Submit an Expanded Written Complaint (ECF No. 1-6) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Temporary Restraining Order (ECF No. 1-5) and the Motion for Appointment of Counsel (ECF No. 1-7) are DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Plaintiff's Copy Work Account (ECF No. 1-8) is DENIED as moot.

IT IS FURTHER ORDERED that the Complaint is DISMISSED, and the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically SERVE a copy of this Order and a copy of the Complaint on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

Dated this 29th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge

8