# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN FLOWERS, | |
| Plaintiff, | 3:14-cv-00366-RCJ-WGC |
| vs. | **ORDER** |
| ISIDRO BACA et al., | |
| Defendants. | |

This is a prisoner civil rights case pursuant to 42 U.S.C. § 1983. In September 2014, the Court dismissed the Complaint on screening. In the first claim, Plaintiff John Flowers (a/k/a Craig Jacobsen, Jr.) alleged he was convicted in state court while being forced to take psychoactive drugs that rendered him incompetent. The Court dismissed that claim, because it sounded in habeas corpus. In the second claim, Flowers alleged that while in prison, Defendants failed to warn him of the risk of developing Type II diabetes from one of those drugs. The Court dismissed that claim, because it was a disagreement over medical treatment that was not cognizable under the Eighth Amendment. In the third claim, Flowers alleged Defendants failed to inform him of a class action against the manufacturer of the unsafe drug. The Court dismissed that claim, because Defendants had no duty to monitor a prisoner's civil legal interests.

Flowers appealed as to his second and third claims, and the Ninth Circuit ruled in November 2016 that he must be given leave to amend them. The appellate panel also instructed

the Court to appoint counsel for Flowers on remand, due to his "limited ability to articulate his claims *pro se*, the complexity of the legal issues involved, and the possible merit of [his] claims." (Mem. Op. 4, ECF No. 19.) Accordingly, in January 2017, the Court referred the matter to the Pilot Pro Bono Program for full representation, ordering that the case would proceed on a normal litigation track once counsel was appointed for Flowers. (Order, ECF No. 23.) However, the Court's pro bono liaison was unable to find an attorney willing to take the case. Ultimately, the Court removed the case from the Pilot Pro Bono Program and referred it for appointment of counsel under the Criminal Justice Act. On August 3, 2018, a CJA attorney was formally designated.

Prior to the appointment of counsel, Flowers filed three motions. First, he requested the appointment of a guardian ad litem, alleging that he is being treated with electroshock therapy and psychotropic drugs rendering him incompetent, and that government psychiatrists have stated he is unlikely to regain competence in the future. (ECF No. 25.) His second and third motions, filed in January and May of 2018, seek enforcement of the Ninth Circuit's order regarding appointment of counsel. (ECF Nos. 26, 32.) Due to the recent appointment of a CJA attorney for Flowers, these latter two motions are moot, and will be denied as such. The Court will also deny the motion for appointment of a guardian at this time, without prejudice to its renewal. The motion was filed before Flowers had an opportunity to confer with his attorney and, like his other two motions, is at least partially directed at urging the Court to make the appointment of counsel ordered by the Ninth Circuit. (*See* Mot. ¶¶ 6–8, ECF No. 25.) Thus, after speaking to his lawyer, Flowers may feel his interests are now adequately represented. Furthermore, under Federal Rule of Civil Procedure 17(c), regarding representation for incompetent persons, a court "may find that [an] incompetent person's interests would be adequately protected by the appointment of a lawyer." *Krain v. Smallwood*, 880 F.2d 1119, 1121

(9th Cir. 1989); *see also Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014) ("Alternatively, the court could have appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), which would have likely been sufficient.").

Therefore, the motions are denied. However, if Flowers or his court-appointed attorney should determine, after adequate consultation, that the appointment of a guardian ad litem is necessary in this case, that motion may then be renewed.

The next step in this case is for Flowers to file an amended complaint. Due to the unfortunate delays in appointing an attorney to represent Flowers, the Court will ensure he has sufficient time to file his pleading, setting an initial deadline of sixty days from this order's entry.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for appointment of a guardian ad litem (ECF No. 25) is DENIED without prejudice.

IT IS FURTHER ORDERED that the remaining motions (ECF Nos. 26, 32) are DENIED as moot.

IT IS FURTHER ORDERED that Flowers shall file an amended complaint within sixty days of this order's entry.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
August 3, 2018.