AARON D. FORD
  Attorney General
JANET L. MERRILL (Bar No. 10736)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendant,*
*Isidro Baca, Bruce Bannister, Ronald Centric,*
*Greg Cox, John Keast, Bruce Spero*
*and Lisa Walsh*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN FLOWERS aka CRAIG JACOBSEN, JR, <br><br> Plaintiff, <br><br> vs. <br><br> ISIDRO BACA, et al., <br><br> Defendants. | Case No.  3:14-cv-00366-RFB-CSD <br><br> **JOINT STATUS REPORT REGARDING STATUS OF SETTLEMENT FUNDS** |

     Plaintiff John Flowers aka Craig Jacobsen, Jr. by and through his counsel, Jackson Lewis P.C., and Defendants, Isidro Baca, Bruce Bannister, Ronald Centric, Greg Cox, John Keast, Bruce Spero and Lisa Walsh, by and through counsel, Janet L. Merrill, Deputy Attorney General, hereby submit this Joint Status Report in response to Plaintiff's Motion for Demand of Negotiation Settlement. ECF No. 99.

     1.    On October 31, 2023, the parties submitted a Joint Notice of Settlement, which stated the parties had reached a settlement and were in the process of finalizing settlement documents.

     2.    On December 28, 2023, the parties submitted a Joint Status Report Regarding Settlement. ECF No. 96. The stipulation stated the parties were in the process of finalizing the settlement documents and issuing the settlement checks, but this process

was delayed, in part, due to the Arizona Department of Correction's restrictions on accepting checks for inmate deposit accounts.

3. On January 4, 2024, Plaintiff's counsel met with Plaintiff via telephone to discuss the terms of the settlement agreement and explain how the settlement fund would be dispersed. Plaintiff indicated he understood how the funds would be dispersed. Counsel requested Plaintiff confirm when he received the funds as Arizona's Department of Corrections, Inmate Banking Division provided this information directly to Plaintiff.

4. On January 17, 2024, Plaintiff provided a signed copy of the settlement agreement and final release of all claims.

5. After receiving the executed settlement agreement, the Nevada Department of Corrections issued one check and the State of Nevada issued the second settlement check. The two checks totaled the total settlement amount.

6. On February 6, 2024, Plaintiff informed counsel via letter he had received the first settlement check but had yet to receive the second.

7. Plaintiff's counsel contacted Plaintiff's case worker to request a telephone call regarding the settlement funds. However, the case worker stated that Plaintiff had been transferred to a new unit and counsel must contact the new unit case worker to arrange a call.

8. Plaintiff's counsel contacted the new case worker to request a telephone call to confirm whether Plaintiff had received the second check. The case worker informed Plaintiff's counsel that "due to his current status," Plaintiff could not participate in telephone calls until a mental health provider authorized it.

9. As of February 27, 2024, Plaintiff's counsel has yet to receive confirmation that Plaintiff can participate in a telephone call to confirm whether he received the second settlement check.

10. On February 15, 2024, Plaintiff, without the assistance of counsel, filed a Motion for Demand of Negotiated Settlement. ECF No. 99. Plaintiff stated he had received the first settlement check but not the second.

1    11.    Following the filing of this document, Katlyn M. Brady and Janet L. Merrill,
2 as counsel of record, discussed the status of the second check and Plaintiff's pro se motion.
3    12.    Ms. Merrill confirmed that the State of Nevada's financial records
4 demonstrate the second settlement check in the required amount was received, and
5 cashed, by the Arizona Department of Corrections.
6    13.    During these conversations, Ms. Brady stated once Plaintiff confirmed he
7 received the second check, the parties would submit a stipulation to dismiss this matter
8 with prejudice.
9    14.    Plaintiff's counsel is currently waiting for the Arizona Department of
10 Corrections to allow Plaintiff to participate in a telephone call to confirm whether he has
11 since received the second settlement check. Once the parties receive that information, a
12 stipulation to dismiss will be submitted.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

15. Accordingly, the parties jointly request the Court deny Plaintiff's pro se Motion to Enforce Settlement without prejudice to allow additional time to confirm Plaintiff's receipt of the funds from the Arizona Department of Corrections from the cashed second settlement check.

DATED this 29th day of February 2024.     DATED this 29th day of February 2024.

JACKSON LEWIS P.C.                        OFFICE OF ATTORNEY GENERAL

By: __*Katlyn M. Brady*_____      By: __*Janet L. Merrill*_____
    Katlyn M. Brady, Esq.                     Janet L. Merrill, Esq.
    Nevada Bar No. 14173                      Nevada Attorney General's Office
    Jackson Lewis P.C.                        Nevada Bar No. 10736
    300 South Fourth Street                   555 E. Washington Avenue
    Suite 900                                 Suite 3900
    Las Vegas, NV 89101                       Las Vegas, NV 89101

*Attorneys for Plaintiff*                 *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: February 29, 2024

4